**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **DR. KEENAN COFIELD,** *et al.,* | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | Civil No. SAG-22-727 (lead) |
| | * | SAG-22-1370 (consol.) |
| **WORKTIME, INC.,** *et al.,* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM OPINION**

Plaintiffs Dr. Keenan Cofield, Laverne Thompson, and Kayla Need (collectively "Plaintiffs"), who are self-represented, filed two nearly duplicative lawsuits in state court against a series of Defendants associated with Worktime, Inc. (collectively "the Worktime Defendants") and a series of Defendants associated with The Progressive Corporation (collectively "the Progressive Defendants"). In each case, the Progressive Defendants removed the case to this Court. *Cofield et al. v. Worktime, Inc. et al.*, 22-cv-727; *Cofield et al. v. Worktime, Inc. et al.*, 22-cv-1370. Both complaints assert (1) six state law claims for various tort offenses against the Worktime Defendants, arising out of an alleged automobile tort committed by a Worktime employee causing injury to Plaintiffs, (2) a state law fraud claim against both the Worktime Defendants and the Progressive Defendants, and (3) federal race discrimination claims, citing particular federal statutes, against the Progressive Defendants.

In both lawsuits, the Progressive Defendants have filed motions to dismiss. In the 22-727 case, Worktime, Inc. filed an answer to the Complaint while the other Worktime Defendants filed a motion to dismiss. And in 22-1370, all of the Worktime Defendants seek dismissal.

No hearing is necessary to resolve these motions.  *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Plaintiffs' Motion to Remand, ECF 111, will be granted as to a subset of claims which will be remanded to state court pursuant to 28 U.S.C. § 1441(c)(2), and denied as to the remaining federal claim.  The Progressive Defendants' motions to dismiss, ECF 49 and 106,[1] will be granted as to the remaining federal claim.  Plaintiffs' Motion to Consolidate this case with another pending federal  action, ECF 121, will be denied as moot.

## I.      Factual Background

The following facts are derived from Plaintiffs' two near-identical Complaints and are assumed to be true for purposes of this motion.  On July 19, 2021, Plaintiffs were driving in a vehicle behind Worktime dump truck #26 on I-95 South.  ECF 10-4 ¶ 2.  The dump truck began shedding debris from the bottom of a failed or faulty rear door, causing property damage including cracking the windshield of Plaintiffs' Mercedes Benz. *Id.* ¶ 3.  Plaintiffs sustained personal injuries when their vehicle swerved to try to avoid further property damage. *Id.*  Plaintiff Cofield contacted Worktime's management about the incident and Worktime notified its insurance carrier, Progressive. *Id.* ¶ 4a.  After protracted investigation, Progressive offered Plaintiffs a settlement that they deemed insubstantial and insufficient. *Id.* ¶ 11.  Plaintiffs allege that Progressive refuses "to offer settlement agreements and contracts to Black Claimants at the **same or similar** settlement offers entered into with whites by mostly white Defendants [sic] adjuster, agents and employees of the many Progressive Insurance entities, that racial discrimination was and is a factor used by Progressive a white insurance company insurer, in their decision not to enter into settlement contracts and agreements for identical claims which Blacks are offered little no [sic] NO real value

---

[1] Unless stated otherwise, ECF citations are to filings in case number 22-727.

settlements, while whites get maximum settlement offers for same type claims filed by Blacks." *Id.* ¶ 4d.

The Complaints allege a series of state law counts against the Worktime Defendants: negligence, failure to train and supervise, negligent entrustment, strict product liability, breach of warranty, breach of contract, and fraud and fraudulent misrepresentations. *Id.* at 16-21. Against the Progressive Defendants, the Complaints allege one count of fraud for allegedly reporting to the Maryland Insurance Administration that they did not know about the accident until January, 2022, and one count of race discrimination, in which Plaintiffs assert that Progressive systemically extends lower settlement offers to Black claimants. *Id.* at 24-26. Plaintiffs' Complaints unequivocally assert class claims on behalf of a class of Black Progressive claimants, although Plaintiffs have equally unequivocally disavowed any intent to proceed forward with this case as a class action. *See, e.g.,* ECF 118 at 2.

## II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff."  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440

(4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

Because Plaintiff is self-represented, his pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  "However, liberal construction does not absolve Plaintiff from pleading a plausible claim."  *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd* 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant.  *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

III.   **Analysis**

A.  **Removal and Jurisdiction**

As explained above, Plaintiffs allege two discrete categories of claims: first, Counts One through Seven allege state law tort and fraud claims, and second, Count Eight alleges claims for race-based discrimination under various provisions of federal law against several Defendants affiliated with Progressive Insurance.  As explained above, Count Eight was originally alleged as a class action, but Plaintiffs have since indicated they no longer wish to pursue Count Eight on a class-wide basis.  *See, e.g.*, ECF 118 at 2.

Defendants removed this case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. ECF 1.  In their opposition to Plaintiffs' motion to remand, Progressive argues that removal was proper because this Court has subject matter jurisdiction over all of Plaintiffs' claims.  ECF 117. They argue that this Court has federal question jurisdiction (and jurisdiction under the Class Action Fairness Act) over Plaintiffs' discrimination claims, and they argue that this Court can exercise both diversity jurisdiction and/or supplemental jurisdiction over Plaintiffs' state law claims.  *Id.* Defendants are incorrect.  While this Court has federal question jurisdiction over Plaintiffs' discrimination claim under federal law, 28 U.S.C. § 1441(c)(2) requires this Court to sever their state law claims and remand them to state court because this Court has neither original nor supplemental jurisdiction over them.

The federal removal statute, 28 U.S.C. § 1441(c), sets forth how federal courts must adjudicate cases that contain both "federal law claims and state law claims" after they are removed to federal court.  That section states:

(1) If a civil action includes—

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
>
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c).  Thus, § 1441(c)(1) "provides a mechanism for removal to federal court of cases that combine claims under federal question jurisdiction with claims that a federal court has no jurisdiction to adjudicate." *Drain v. S.C. Dep't of Educ.*, Civ. No. 5:18-cv-3267-JMC, 2019 WL 4409461, at *5 (D.S.C. Sept. 16, 2019).  "In that circumstance, the defendants as to the federal claims may remove the case to a federal district court.  But, pursuant to § 1441(c)(2), the court must then sever and remand the claims over which the court lacks jurisdiction." *Moore v. Svehlak*, Civ. No. ELH-12-2727, 2013 WL 3683838, at *7 (D. Md. July 11, 2013).

As Defendants argue, there can be no dispute that this Court has federal question jurisdiction over Count Eight, Plaintiffs' discrimination-based claims under various federal statutes.[2]  Under § 1441(c)(1)(B), however, this Court must next determine whether it has either original or supplemental jurisdiction over Plaintiffs' state law claims.  First, there is clearly no

---

[2] As described in more detail below, it is irrelevant whether the basis for federal question jurisdiction is provided by the substantive statutes under which Plaintiffs sue in Count Eight or the Class Action Fairness Act's ("CAFA") provision of federal jurisdiction for certain class actions.

federal question jurisdiction over those claims because none of them is brought under the "Constitution, laws, or treaties of the United States[.]"  28 U.S.C. § 1331.

The next question is whether this Court can exercise diversity jurisdiction over Plaintiffs' state law claims.  The federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332.  Diversity jurisdiction requires complete diversity, "which means that no plaintiff may share a citizenship with any defendant."  *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020).  Here, Plaintiffs are Maryland citizens, as is Defendant Worktime, so there is no complete diversity of citizenship and, therefore, this Court cannot exercise diversity jurisdiction.[3]  ECF 23-1 at 2.

Without federal question or diversity jurisdiction over Plaintiffs' state law claims, this Court must assess whether it may exercise supplemental jurisdiction over them.  Supplemental jurisdiction under 28 U.S.C. § 1367 allows federal courts that have original jurisdiction over a case to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Plaintiffs' discrimination claims cannot be said to

---

[3] Progressive's argument that diversity jurisdiction exists "because there is complete diversity of citizenship among the Plaintiffs and Defendants properly joined and served at the time of removal" is meritless.  Workday was clearly sued in the state court action, and its lack of service at the time of removal does not affect the fact that it is a non-diverse party that precludes diversity jurisdiction (and, in any case, it has since been served).  *See, e.g.*, 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

form part of the same case or controversy as his state law claims.  In fact, they are entirely unrelated.  The only common thread is that the discrimination claims arose out of an effort to obtain insurance coverage for damages allegedly suffered because of the automobile tort.  But the discrimination claims and the state law claims do not involve common questions of either fact or law.  And while the state law claims are alleged against all Defendants, the discrimination claims only relate to the Progressive Defendants.

Accordingly, this Court finds that it may not exercise supplemental jurisdiction over Plaintiffs' state law claims.  Left without jurisdiction over those claims, § 1441(c)(2) requires this Court to sever them and remand them to state court.

### B.  Federal Rule of Civil Procedure 21

Even were this Court not to find that § 1441(c)(2) requires it to sever Plaintiffs' state law claims and remand them to state court, it would exercise its discretionary authority to do so anyway.  Because Plaintiffs' tort claims are unrelated to their discrimination claims, their Complaint violates Federal Rules of Civil Procedure 18 and 20.  Rule 18(a) permits a Plaintiff to join "as many claims as it has against an opposing party."  Fed. R. Civ. P. 18.  However, Rule 20 "allows the joinder of several parties *only* if the claims arose out of the same transaction or occurrence or series thereof *and* contain a question of fact or law common to *all* the defendants." *Ferebee v. Manis*, No. 7:21cv00571, 2022 WL 270870, at *2 (W.D. Va. Jan. 28, 2022) (Sargent, M.J.) (emphasis in original).  Accordingly, where claims "arise out of different transactions and do not each involve *all* defendants, joinder of the claims in one lawsuit should not be allowed." *Id.* (emphasis in original); *see also Green v. Denning*, No. 06-3298-SAC, 2009 WL 484457, at *2 (D. Kan. Feb. 26, 2009) ("[A] plaintiff may name more than one defendant in a multiple claim

lawsuit only if the claims against all defendants arose out of the same incident or incidents and involve a common factual or legal question.").

The remedy for a violation of these rules is found in Federal Rule of Civil Procedure 21, which states that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  This rule stems from the Court's "inherent power to control its docket and the disposition of its cases with 'economy of time and effort' for the court and the parties."  *Ferebee*, 2022 WL 270870, at *3 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

As described above, this Court finds that Plaintiffs' state law claims are unrelated to his discrimination claims and that the interests of judicial efficiency and organization weigh in favor of severing them into two separate lawsuits.  *See Ferebee*, 2022 WL 270870, at *2-3; *Green*, 2009 WL 484457, at *2; *Johnson v. Duty*, Civ. No. 7:21-cv-00635, 2022 WL 2307122, at *1 (W.D. Va. June 27, 2022); *Rivera v. Anderson*, No. 7:22cv00182, 2022 WL 2359790, at *3-4 (W.D. Va. June 29, 2022) (Sargent, M.J.); *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 888 (D. Md. 2011) (granting a motion to decertify and severing unrelated claims from a collective action).  Thus, even if this Court were to find that § 1441(c)(2) did not require it to sever and remand Plaintiffs' tort claims, it would nonetheless sever Plaintiffs' claims into two separate federal lawsuits under Rule 21, and then grant Plaintiffs' motion to remand as to the lawsuit over the state law claims for lack of subject matter jurisdiction.

### C.  Motion to Dismiss the Federal Discrimination Claims

As explained above, this Court has federal question jurisdiction over the remaining count, Count Eight, which asserts race discrimination in violation of a series of federal statutes:  (1)  Title 42 U.S.C. § 1981, (2) the Civil Rights Act of 1866, (3) Title 42 U.S.C. § 1983, (4) Title 42 U.S.C.

1985 and (5) Title 42 U.S.C. § 1988.[4]  Initially, two of the statutes Plaintiffs cite, the Civil Rights

Act of 1866 and 42 USC 1988, do not provide independent private causes of action.  *See Runyon*

*v. McCrary*, 427 U.S. 160, 170 (1976) (describing that the portion of the Civil Rights Act of 1866

prohibiting private discrimination is presently codified at § 1981); *Hepburn ex rel. Hepburn v.*

*Athelas Inst., Inc.*, 324 F. Supp. 2d 752, 757 (D. Md. 2004) ("Section 1988 does not create any

additional causes of action; it merely provides the applicable law in actions that are already proper

under civil rights statutes like § 1983.").  Thus, any claims asserted under those statutes must be

dismissed.  Plaintiffs' remaining discrimination claims will be addressed in turn.

### 1.  42 U.S.C. § 1981

Plaintiffs have not alleged sufficient facts to satisfy the *Iqbal/Twombly* standard as to their

claim for race discrimination in violation of 42 U.S.C. § 1981.  A § 1981 claim requires proof that

a plaintiff is a member of a racial minority; that a defendant acted with an intent to discriminate

against the plaintiff on the basis of race; and that the defendant's race discrimination concerned

plaintiff's "making, performance, modification, and termination of contracts" or the "enjoyment

of all benefits, privileges, terms, and conditions of the contractual relationship." *See Habash v.*

*City of Salisbury, Maryland*, 618 F. Supp. 2d 434, 442 (4th Cir. 2009) (internal citations omitted).

Plaintiffs' Complaints are devoid of any fact suggesting discrimination on the basis of race.

Instead, Plaintiffs simply make repeated bare assertions of discrimination without citing any

specific facts to allow the Progressive Defendants to answer the claims.  For example, Plaintiffs

---

[4] Because of the disposition announced herein, this Court need not assess whether it would also
have jurisdiction under the CAFA as a result of the class claims that appear on the face of Plaintiffs'
two complaints.  The now-disavowed class claims involved race discrimination and, as described
herein, Plaintiffs have not adequately pled any discrimination claims on which a class action could
be premised.

do not allege any race-based comments or any interactions or documentation suggesting that the Progressive Defendants were even aware of Plaintiffs' race.  They also do not allege any facts regarding White Progressive claimants who were treated differently than Plaintiffs.[5]   In the absence of any factual allegations making their claims plausible, Plaintiffs' race discrimination claims must be dismissed.  *See, e.g.*, *Whitner v. U.S.*, 487 F. App'x 801, 802 (4th Cir. 2012) ("Whitner's allegations fail to state a plausible claim for relief under § 1981 against any named Defendant because she does not allege facts sufficient to show that any Defendant intentionally discriminated against her on the basis of race . . ."); *Allen v. Montgomery Ward & Co.*, Civ. No. 1:98CV7, 1999 WL 33117435, at *2 (W.D.N.C. Mar 3, 1999) (dismissing complaint for an "absence of any facts that the Defendant" discriminated because "the record d[id] not support the required element of purposeful discrimination for the Plaintiff's § 1981 claim.").

## 2.  42 U.S.C. § 1983

Under the facts alleged, Plaintiffs also have not plausibly asserted § 1983 claims against the Progressive Defendants, who are not state actors and were not acting under the color of law. "[A] claim under 42 U.S.C. § 1983 requires that the defendant be fairly said to be a state actor." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999).  Plaintiffs have not alleged any connection between the actions taken by the Progressive Defendants as a private insurance corporation and any particular state action.  Accordingly, their § 1983 claim must be dismissed.

---

[5] This Court notes the inherent difficulty in pleading or proving this type of intentional discrimination claim by means of comparator evidence.  Finding a similarly situated claimant would involve innumerable factors about the type of accident, vehicle value, vehicle damage, intervening events, and personal injuries and medical histories that would be exceedingly difficult to match.  In other words, simply citing a White claimant who received a greater settlement from Progressive would not evidence discrimination if the two cases could be distinguished by some factor other than race.

### 3. 42 U.S.C. § 1985

Finally, 42 U.S.C. § 1985 prohibits conspiracies to interfere with civil rights. Plaintiffs' Complaint contains no allegations that any person outside of Progressive conspired or agreed with anyone within Progressive as to the terms of its settlement offer. Under the "intracorporate-conspiracy doctrine," an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy. *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). Because no conspiracy can exist between a corporation and its employees and subsidiaries, Plaintiffs have not pled the existence of any conspiracy that could amount to a violation of § 1985.

### IV.    Conclusion

For the reasons set forth above, the state law claims in Counts One through Seven of Plaintiffs' Complaint in 22-01370 will be severed and remanded to the Circuit Court for Baltimore City for adjudication. The same claims in 22-0727 will be dismissed as duplicative. The Progressive Defendants' Motions to Dismiss, ECF 49 and 106, are granted without prejudice as to Count Eight in both cases. These two cases will be closed. Plaintiffs' Motion to Consolidate this case with another pending federal action, ECF 121, will be denied as moot. A separate Order follows.


Dated:  August 29, 2022                                   _____/s/_____
                                                          Stephanie A. Gallagher
                                                          United States District Judge